211

No. 53733.—E. H. Corrigan *v.* United States, protest 131596–K (Laredo).

Opinion by FORD, J.   When the case was called for hearing the plaintiff failed to appear and the case was submitted upon the official papers.   It being disclosed that the involved merchandise consisted of leather gloves, embroidered, it would appear that the classification thereof under paragraph 1529 (a) was in error for the reason that leather gloves, whether embroidered or otherwise, do not find classification under that paragraph.   However, in view of the fact that this so-called protest was not sufficiently specific under the provisions of section 514, same was dismissed.

BEFORE THE THIRD DIVISION, NOVEMBER 22, 1949

No. 53734.—Satisfaction Supply Co. *v.* United States, protest 58646–K (New York).

Opinion by EKWALL, J.   It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142).   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry.   The protest was sustained to this extent.

No. 53735.—E. Kahn & Co. et al. *v.* United States, protests 770271–G, etc. (Baltimore).

Opinion by EKWALL, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 53736.—Oldetyme Distillers, Inc. *v.* United States, protests 999828–G, etc. (New York).

Opinion by EKWALL, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.